Jack Silver, Esq. SB #160575
LAW OFFICE OF JACK SILVER
708 Gravenstein Hwy No. # 407
Sebastopol, CA 95472
Tel. (707) 528-8175
Jsilverenvironmental@gmail.com

Attorneys for Plaintiff
CALIFORNIA RIVER WATCH

Stephen J. O'Neil, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope St. 43rd Floor
Los Angeles, CA 90071-1422
Tel. (213) 620-1780
Fax. (213) 620-1398
soneil@sheppardmullin.com

Attorney for Defendant
FERMA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIVER WATCH, an IRC Section 501(c)(3), non-profit, public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>FERMA CORPORATION,<br><br>Defendant. | CASE NO: 3:22-cv-01504-SI<br><br>[PROPOSED] CONSENT DECREE AND ORDER<br><br>Honorable Susan I. Illston |

The following [Proposed] Consent Decree is entered into by and between, Plaintiff CALIFORNIA RIVER WATCH and Defendant FERMA CORPORATION, and F 6655 LLC. The entities entering this [Proposed] Consent Decree are each an individual "Party" and collectively the "Parties."

1

**RECITALS**

2      WHEREAS, Plaintiff California River Watch ("CRW") is an Internal Revenue Code section

3  501(c)(3) nonprofit, public benefit corporation organized under the laws of the State of California,

4  dedicated to protecting, enhancing, and helping to restore the surface and ground waters of California,

5  including coastal waters, rivers, creeks, streams, wetlands, vernal pools, aquifers and associated

6  environs, biota, flora and fauna, and to educating the public concerning environmental issues

associated with these environs.

7      WHEREAS, Defendant FERMA Corporation ("FERMA") is a private corporation organized

8  under the laws of the State of California, which owns and operates the industrial facility located at

9  6655 Smith Avenue in the City of Newark, Alameda County, California ("Facility").  F 6655, LLC

10 ("F 6655"), is a limited liability corporation organized under the laws of the State of California, which

11 owns the real property on which the Facility is located.  The Facility is subject to various federal and

12 state regulatory requirements under the federal Clean Water Act ("CWA"), including compliance with

the State Water Resource Control Board's *California Industrial General Permit for Storm Water*

13 *Discharges Associated with Industrial Activity*, Water Quality Order No. 2014-0057-DWQ ("IGP").

14     WHEREAS, on October 18, 2021, CRW served FERMA with a 60-day Notice of Violations

15 and Intent to File Suit alleging various violations of the CWA relating to storm water activities at the

16 Facility.  On September 20, 2022, CRW served FERMA with a Supplemental Notice of Violations

and Intent to File Suit also alleging various violations of the CWA relating to storm water activities at

17 the Facility.  The initial Notice and Supplemental Notice are hereafter referred to as the "Notices."

18 On March 9, 2022, CRW filed its Complaint against FERMA in the United States District Court,

19 Northern District of California assigned Case No. 3:22-cv-01504-SI.  It is the intention of the Parties

20 to settle the Notices and all the allegations raised in the Complaint, fully and completely.

21     WHEREAS, CRW and FERMA have agreed that it is in the Parties' mutual interest to enter

22 into a Consent Decree setting forth the terms and conditions appropriate for resolving CRW's

23 allegations as set forth in the Notices and Complaint without further proceedings, and have consented

to the entry of this [Proposed] Consent Decree without trial of any issues, and hereby stipulate that in

24 order to settle the claims alleged by CRW against FERMA in the Notices and the Complaint this

25 [Proposed] Consent Decree should be entered; and,

26     WHEREAS, all actions taken by FERMA pursuant to this [Proposed] Consent Decree shall be

27 made in compliance with all applicable federal and state laws and local rules and regulations;

28

NOW THEREFORE, it is stipulated and agreed by the Parties, and ordered and decreed by this Court as follows:

### CONSENT DECREE

1.      The above RECITALS are incorporated into and shall become a part of this [Proposed] Consent Decree.

### I.   JURISDICTION

2.      For purposes of entry of this [Proposed] Consent Decree, the Parties agree this Court has jurisdiction over the subject matter and the Parties in this action pursuant to CWA § 505(a), 33 U.S.C. § 1365(a).

3.      Venue is proper in the Northern District of California pursuant to CWA § 505(a), 33 U.S.C. § 1365(a) because this is the judicial district in which FERMA and the Facility are located. The Complaint states claims upon which relief may be granted pursuant to CWA § 505(a)(1), 33 U.S.C. § 1365(a)(1).

4.      CRW has standing to bring this action.

5.      The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Consent Decree for the life of this Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

### II.   APPLICABILITY AND BINDING EFFECT

6.      This Consent Decree shall apply to and be binding upon CRW and its members, representatives, successors, consultants, agents and assigns, and FERMA and F 6655 and their employees, contractors, sub-contractors, consultants, agents, assigns and each and every one of them acting under their direction and/or control.   To the extent that federal law (including federal principles of *res judicata*) allows, this Consent Decree shall be considered binding upon all persons and entities who may hereafter file a legal action against FERMA or F 6655 regarding claims that are the subject of this Consent Decree.

### III.   CONSENT DECREE TERM

7.      The "Effective Date" of this Consent Decree shall be the date upon which the Consent Decree has been entered by the Court and becomes a final enforceable order.  This Consent Decree shall expire on its own terms, and be of no further force and effect five (5) years from the Effective Date (hereafter, the "Termination Date").

### IV.   AGREED REMEDIAL MEASURES BY FERMA

8.      In exchange for the delivery, execution, and performance of this [Proposed] Consent Decree and of the release by CRW as provided herein, FERMA shall perform the below-specified remedial measures.  FERMA reserves the right, in its sole discretion, to determine (i) which persons shall perform any work described herein, including contractors, and (ii) the scope and technical details of, and the manner to implement, such work subject to review and approval by the Regional Water Quality Control Board, or such other regulatory agency as may, from time to time, exercise jurisdiction with respect to environmental matters at the Facility.

8.a.    FERMA will collect stormwater samples for Annual Reporting years 2023-2024 and 2024-2025 in the first "Qualifying Storm Event" during which FERMA was open for business and based upon a Qualifying Storm Event as confirmed by FERMA's on-site Personal Digital Weather Station.

8.b.    FERMA will test for the compounds identified on page 3 of the Torrent Laboratory sheet, plus compounds identified in Table 5.5 of the February, 2022 Stormwater Pollution Prevention Plan ("SWPPP").  FERMA will not be required to test for chlordane, DDT or dieldrin.  The practice of sampling for the additional compounds may be discontinued if sampling results show no exceedances of Numeric Action Levels, water quality objectives in the Regional Water Quality Control Board's Basin Plan or California Toxic Rule limits.   There are no such known limits for dioxins, mercury, PCBs and selenium.

8.c.    Within six (6) months after the Effective Date of this Consent Decree, FERMA shall implement the following Best Management Practice ("BMPs") to enable the required number of sampling events:

(i)      Training of two (2) staff members who are most likely to be present on Saturdays and Sundays to be the primary collectors of stormwater samples during weekend Qualifying Storm Events;

(ii)     Use of a precipitation log sheet and video to document discharges from the first two (2) Qualifying Storm Events in each measuring period for which FERMA is open for business;

(iii)    Installation of a Personal Digital Weather Station and an on-site rain gauge to track rain accumulation in real time.

8.d.    Within six (6) months after the Effective Date of this Consent Decree, FERMA shall revise its SWPPP to reflect the use of an on-site storage tank to capture and retain storm water for removal of solids before the storm water is discharged.

8.e.     Within one (1) month after the Effective Date of this Consent Decree, FERMA shall wrap stockpiles of materials intended for recycling in plastic, or cover them with tarpaulins on those occasions when there is a 60% chance of ¼ inch or more of rain in the next 24 hours using NOAA data (noaa.gov).  Tarpaulins and wrappings may be removed as required for industrial operations.

8.f.     FERMA will not need to change the Facility's SIC code.

8.g.     Within six (6) months after the Effective Date of this Consent Decree, FERMA shall implement additional BMPs along the southwest border of the Facility by placing straw waddles along that property line.

8.h.     Within six (6) months after the Effective Date of this Consent Decree, FERMA shall update Section III.E. Non-Storm Water Discharges (NSWD) Management, of its SWPPP to describe in detail the BMPs associated with the vehicle washing area of the Facility.  FERMA has confirmed that the vehicle wash water is discharged to the sewer, and not to the stormwater drains.

8.i.     Within six (6) months after the Effective Date of this Consent Decree, FERMA shall update its SWPPP to clarify the availability of staff for Saturday and Sunday operations at the Facility, including turning on and off the stormwater diversion sump pumps and sampling, if an eligible storm were to occur.

8.j.     Within six (6) months after the Effective Date of this Consent Decree, FERMA will install straw waddles by Building B and filter socks on downspouts.  FERMA will also use "witches' hats" in the catch basins that do not presently utilize Filtrexx filtration systems.

8.k.     Within six (6) months after the Effective Date of this Consent Decree, FERMA shall update its SWPPP to address when discharges begin, taking into account any influence from the pumping system.  FERMA shall continue to sample from the previously-sampled discharge point.

8.l.     FERMA will not need to build a shed or temporary roof over the fueling area to limit exposure to rain.

8.m.     Within six (6) months after the Effective Date of this Consent Decree, FERMA shall update Figure 4 in its SWPPP to accurately reflect all catch basins and flow directions.

**V.  RELEASE OF LIABILITY AND COVENANT NOT TO SUE**

9.     It is the intent of the Parties that this Consent Decree constitutes a full and complete satisfaction of all rights, claims, and demands by CRW against FERMA and F 6655, and FERMA and F 6655 against CRW, with respect to any and all allegations and claims made in the Notices under the CWA as to the Facility and/or in the Complaint.   CRW, on the one hand, and FERMA and F 6655, on the other hand, on behalf of themselves and any and all of their agents, representatives, successors,

members and assigns, do hereby absolutely, fully and forever release, relieve, remise, and discharge CRW and FERMA and F 6655, respectively, and their past and present employees, officers, directors, attorneys, and the predecessors, successors, and assigns of any of them, from any and all causes of action, claims, damages (including punitive damages), demands, debts, actions, attorneys' fees and costs of suit, based on the claims alleged in the Notices under the CWA and/or in the Complaint, for violations at the Facility which occurred at any time up to the Effective Date of this Consent Decree.

Further, the Parties acknowledge they are familiar with Section 1542 of the California Civil Code.  For any other claims against each other, known or unknown, suspected, or unsuspected, each Party expressly waives and relinquishes any rights and benefits which it has or may have under Section 1542 of the Civil Code of the State of California which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties acknowledge that each has specifically reviewed with its attorney the meaning and effect of the release set forth herein, the language of California Civil Code Section 1542, and the waiver contained herein.   The Parties acknowledge that their attorneys have fully explained the impact of these provisions, and the Parties knowingly accept the risks associated with these provisions.

For a period of five (5) years after the Effective Date of this Consent Decree, CRW agrees that neither CRW, its officers, executive staff, or members of its governing board, will file any lawsuit against FERMA or F 6655 seeking relief for alleged violations of the CWA or any similar statutes and/or regulations, including the Porter-Cologne Water Quality Control Act (Calif. Water Code Section 13000 *et seq.*), related to the Facility, nor will CRW initiate or support such lawsuits against FERMA or F 6655 brought by other groups or individuals by providing financial or legal assistance, personnel time or other affirmative actions.  The foregoing shall not prevent CRW from commenting at administrative proceedings or pursuing administrative challenges to permits issued to any Party to this Agreement.

## VI.  CRW's ATTORNEYS' FEES AND COSTS

10.    Within ten (10) calendar days after the Effective Date of this Consent Decree, FERMA shall pay to CRW the sum of Sixty Thousand Dollars ($60,000.00).  Payment shall be made by

FERMA to CRW in the form of a single check payable to "California River Watch" and mailed to the Law Office of Jack Silver, 708 Gravenstein Highway North, # 407, Sebastopol, California 95472-2808. Said payment shall constitute full satisfaction and payment for all costs of litigations and attorneys' fees incurred by CRW that have or could have been claimed in connection with this matter up to and including the Effective Date of this Consent Decree, and for CRW's expert and attorneys' fees and costs for monitoring and enforcing FERMA's compliance with the ongoing obligations under this Consent Decree up to and including the Termination Date.

## VII.   NOTICE TO THE FEDERAL GOVERNMENT

11.    The Parties acknowledge and agree that entry of this Consent Decree is subject to the requirements of CWA § 505(c)(3), 33 U.S.C. §1365(c)(3), which provides that "[n]o consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following receipt of a copy of the proposed consent judgment by the Attorney General and the [EPA] Administrator." Within ten (10) business days following the Parties' execution of this document, CRW shall serve copies upon the EPA Administrator and the United States Department Justice for agency review consistent with 40 C.F.R. § 135(a). The agency review period expires forty-five (45) days after receipt by the agencies or the certified return receipts, copies of which shall be provided to FERMA if requested. In the event the Federal Agencies object to entry of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies within a reasonable amount of time.

## VIII.   GENERAL PROVISIONS

12.    Force Majeure.    Neither FERMA nor F 6655 shall be deemed in default or breach of this Consent Decree by reason of any event which constitutes a force majeure. For purposes of this Consent Decree, a force majeure is defined as any event arising from causes beyond the reasonable control of FERMA or F 6655 or its contractors that delays or prevents performance. This includes, without limitation, acts of God, acts of war, acts of terrorism, fire, explosion, extraordinary weather events, epidemic or pandemic, restraint by court order or public authority, or other causes beyond FERMA's reasonable control. Neither increased costs nor economic hardship shall constitute a force majeure.

13.    Breach of Consent Decree and Dispute Resolution.    Any disputes between CRW and FERMA or F 6655 concerning any alleged breach of this Consent Decree shall be subject to the following dispute resolution procedures. Failure to satisfy the payment condition in Section VI is a substantial breach of this Consent Decree and relieves CRW of its obligations under this Consent Decree. If CRW

asserts that FERMA or F 6655 is in violation of this Consent Decree, and the asserted violations are corrected within sixty (60) days of written notice from CRW describing the asserted violations, no further enforcement action under the terms of this Consent Decree, including the dispute resolution process described herein, shall be taken by either party.

13.a.   <u>Good Faith Negotiations.</u>  CRW, on the one hand, and FERMA and/or F 6655, on the other hand, shall make good faith efforts to resolve informally any alleged breach of the Consent Decree.  If informal efforts to resolve the alleged breach are unsuccessful, the Party alleging a breach shall provide written notice of the alleged breach and that Party's intent to initiate the dispute resolution procedure of this <u>Paragraph 13.</u> The notice shall include a recitation of the material facts and circumstances giving rise to the dispute, including the particular provisions of the Consent Decree alleged to have been breached.

13.b.   <u>Mediation.</u> If the dispute is not resolved by the Parties within thirty (30) days after such notice is given, such dispute shall be submitted to mediation before a mutually agreeable neutral mediator. The Parties shall each bear their own costs and attorneys' fees incurred in connection with such mediation.

13.c.   <u>Arbitration</u>. Should mediation be unsuccessful, the Parties will enter into binding arbitration, conducted by an arbitrator to be agreed upon by the Parties.  Either party may request that the presiding judge of the Alameda County Superior Court select the arbitrator, if the Parties cannot reach an agreement.  The arbitration shall be binding and not subject to appeal; however, it shall be subject to the procedural provisions provided for under Calif. Code of Civil Procedure sections 1280 *et seq*.  The arbitration shall be conducted in accordance with the arbitration rules and procedures of JAMS/Endispute or other conventional rules agreed to by the Parties.  The arbitrator shall be empowered to determine if there is a prevailing party and if so, award payment of reasonable attorneys' fees and costs (including the arbitrator's fee), or portion thereof to that party as the arbitrator so determines. To the extent there are multiple issues with a different prevailing party for one or more issues, the arbitrator may take those facts into account in terms of an award for fees and costs, and can order each party to bear its own costs. Otherwise, the Parties shall each bear their own costs and attorneys' fees in connection with the arbitration.  The Parties agree that the processes of mediation and arbitration must advance as quickly as possible.

14.   <u>Notices</u>.   All notices, consents, approvals, requests, demands and other communications (collectively, "Notice") which the Parties are required or desire to serve upon or

deliver to the other Party shall be in writing and shall be given by certified United States mail, return receipt requested, postage prepaid, or by electronic mail, addressed as set forth below:

| | |
|---|---|
| If to CRW: | California River Watch<br>290 South Main St. # 817<br>Sebastopol, CA 95472<br>Email: US@nriverwatch.org |
| COPY TO: | Jack Silver, Esq.<br>Jerry Bernhaut, Esq.<br>Law Office of Jack Silver<br>708 Gravenstein Hwy. No. # 407<br>Sebastopol, CA 95472-2808<br>Email:  Lhm28843@sbcglobal.net |
| If to FERMA: | Donald Carlo Ferrari, CEO<br>FERMA Corporation<br>6639 Smith Avenue<br>Newark, CA 94560-4219 |
| COPY TO: | Stephen J. O'Neil, Esq.<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>333 South Hope St. / 43rd Floor<br>Los Angeles, CA 90071-1422<br>Email: soneil@sheppardmullin.com |

The foregoing addresses may be changed by Notice given in accordance with this Paragraph 14.  Any Notice sent by certified mail shall be deemed received as shown by the executed return receipt. Any Notice sent by electronic mail shall be deemed received upon electronic transmission thereof provided the sender does not receive electronic notice of non-delivery.  If the date of receipt of any Notice to be given hereunder falls on a weekend or legal holiday, then such date of receipt shall automatically be deemed extended to the next business day immediately following such weekend or holiday for purposes of calculating time periods commencing upon the date of service.

15.    Attorneys Fees.    Other than payment to CRW under Section VI, each Party shall bear its own past and future attorneys' fees and costs relating to the subject matter of this Consent Decree.

16.    Parties Acknowledgment of Terms.    This Consent Decree has been carefully and fully read and reviewed by CRW, FERMA and F 6655 and their respective counsel who hereby represent that the contents of this Consent Decree are understood, and agree that this Consent Decree is binding on each Party or its respective predecessors, successors, and assigns as described above.

17.    <u>Interpretation and Applicable Law</u>.    This Consent Decree shall be construed and interpreted in accordance with the laws of the United States and the State of California without regard to principals of conflicts of law.  This Consent Decree shall be interpreted and constructed as a whole according to its fair meaning and not strictly for or against any Party, and without regard to which Party drafted the Consent Decree or any section of this Consent Decree.  All of the promises, representations, and warranties contained in this Consent Decree survive the execution of this Consent Decree.

18.    <u>No Assignments</u>.  Each Party to this Consent Decree represents and warrants that it has not assigned, transferred, hypothecated, or sold to any third person or entity, any of the rights or obligations released by or entered into under this Consent Decree.

19.    <u>Counterparts</u>.    This Consent Decree may be executed in multiple counterparts, each of which shall evidence one and the same Consent Decree.  The Parties' signatures to this Consent Decree transmitted by electronic mail transmission shall be deemed original and binding.

20.    <u>Entire Agreement in Writing</u>.    This Consent Decree constitutes the entire agreement between the Parties hereto with respect to the subject matter set forth herein and supercedes all previous or contemporaneous negotiations, commitments (oral or written), and writings with respect to the subject matter set forth herein.

21.    <u>Modification or Amendment</u>.  This Consent Decree or any of its provisions may be modified or amended only by written agreement executed by all Parties to this Consent Decree.

22.    <u>Severability</u>.  The invalidity or unenforceability of any provision of this Consent Decree shall in no way affect the validity or enforceability of any other provision. If, in any action before any court or other tribunal of competent jurisdiction, any term, restriction, covenant, or promise is held to be unenforceable for any reason, then such term, restriction, covenant, or promise shall be deemed modified to the extent necessary to make it enforceable by such court or other tribunal and, if it cannot be so modified, than this Consent Decree shall be deemed amended to delete herefrom such provision or portion adjudicated to be invalid or unenforceable, and the remainder of this Consent Decree shall be deemed to be in full force and effect as so modified.  Any such modification or amendment in any event shall apply only with respect to the operation of this Consent Decree in the particular jurisdiction in which such adjudication is made.

23.    <u>Representations and Warranties</u>.  This Consent Decree is given voluntarily, free of undue influence, coercion, duress, menace, or fraud of any kind. No Party, nor any officer, agent, employee, representative, or attorney of or for any Party, has made any statement or representation to any other Party regarding any fact relied upon in entering this Consent Decree, and no Party is relying

upon any statement, representation, or promise of any other Party, nor of any officer, agent, employee, representative, or attorney of or for any Party, in executing this Consent Decree or in making the settlement provided herein, except as expressly stated in this Consent Decree.

24. <u>Third-Party Beneficiaries</u>.  This Consent Decree is not intended to confer any rights or obligations on any third party or parties, and no third party or parties shall have any right of action under this Consent Decree for any cause whatsoever.  Subject only to the express restrictions contained in this Consent Decree, all the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Parties, and their successors and assigns.

25. <u>Authority</u>.  Each of the persons signing this Consent Decree on behalf of an entity represents and warrants that he or she has actual authority and capacity to execute this Consent Decree on behalf of the entity and to bind it to all terms of this Consent Decree.

## IX.  RETENTION OF JURISDICTION

26. This Court shall retain jurisdiction to enforce the terms and conditions of this Consent Decree and to resolve any disputes arising hereunder for a period of five (5) years after its entry.  After this five (5) year period, FERMA's and F 6655's obligation to comply with the injunctive relief provided for herein shall terminate.

## X.  COURT APPROVAL

27. The Parties hereby respectfully request that this Court promptly approve and enter this Consent Decree.  Upon entry of this Consent Decree, CRW, FERMA and F 6655 waive their respective rights to a hearing or trial on the allegations of the Complaint and Notices which are at issue in this action.  If this Consent Decree is not approved by the Court, it shall be of no force and effect, and it may not be used in any proceeding for any purpose.

**IT IS SO AGREED AND STIPULATED:**


DATED:  12/7/2022            FERMA CORPORATION
                             F 6655 LLC

                             By: _____
                             Donald C. Ferrari/CEO/Managing Member


DATED: 12/3/2022             CALIFORNIA RIVER WATCH

                             By: _____
                             Larry Hanson, Board President

**IT IS SO ORDERED:**

DATED:  January 20, 2023

SUSAN I. ILLSTON
U.S. DISTRICT JUDGE